IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROL S. LEVENSON,

    Plaintiff,

vs.

JENNIE DEDEN BEHLES, GEORGE D.
GIDDENS, Jr., JEANNE A. HAMRICK,
JENNIFER STREET, and J. D. BEHLES &
ASSOCIATES as Successor in Interest to
BEHLES-GIDDENS, P.A.,

                                      CIV 98-0413 JC/LCS-ACE

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's MOTION FOR CLARIFICATION OF ORDER entered on January 27, 1999, CONCERNING COSTS TO BE REIMBURSED TO SUTIN, THAYER & BROWNE, P.C., and the Court having reviewed the memoranda submitted by Sutin, Thayer & Browne (hereinafter referred to as "STB"), the subpoenaed entity and the Defendant, and having heard the arguments of counsel, FINDS that the motion is not well taken and will be denied for at least two reasons. First, pursuant to the provisions of Rule 45 of the Federal Rules of Civil Procedure and its inherent power, the Court may make appropriate orders protecting those subpoenaed from undue financial hardship. Here, at a hearing held on January 27, 1999, the Court inquired of the STB firm as to the estimated charges for responding to the subpoena. That estimate was for $5,000. It should come as no surprise to defendant that the STB bill was in fact $5,000. The reasonableness of this amount could have been argued at the time. In view of the amount of work done as reflected in the STB billing, the amount is not unreasonable.

Secondly, the Court's order resulting from that hearing reads in part: "IT IS FURTHER ORDERED that, after the trial is concluded in this case, the Court will determine what percentage of the costs of producing these documents will be borne by which **parties**. This determination will not be based solely on which side prevailed in the litigation, but will instead depend upon what is ultimately fair and equitable."[Emphasis added]. The clear import of this language is that after trial, the Court would apportion the STB billing equitably among the **parties**. The case has now been settled and it must be assumed that the **parties** took the amount of the STB bill into account during their negotiations. In my view, to now significantly adjust that bill after negotiations and settlement would be wholly inappropriate.

Finally, at the January 27, 1999 hearing, Mr. Graves of STB represented that the billing of the attorneys would be for $110 per hour. To the extent the billing reflects any higher hourly rate, it shall be reduced accordingly. Mr. Graves is to prepare a new billing reflecting that change and submit it to the Madison firm for payment.

IT IS SO ORDERED.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE